**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4476

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES EDWARD BREEDEN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:23-cr-00022-TSK-MJA-1)

Submitted: May 22, 2025                           Decided:  May 27, 2025

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Hilary L. Godwin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Stephen Donald Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Edward Breeden pleaded guilty, without a plea agreement, to possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Breeden as a career offender to 124 months' imprisonment to run concurrently with his undischarged state sentence. On appeal, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Breeden's sentence is reasonable. Although notified of his right to do so, Breeden has not filed a pro se supplemental brief. We affirm.

We "review[] all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted). We "must first ensure that the district court committed no significant procedural error," which includes, among other things, "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). We afford a presumption of reasonableness to any sentence within or below a properly calculated Guidelines range. *United States v. Henderson*, 107 F.4th 287, 297 (4th Cir.), *cert. denied*, 145 S. Ct. 578 (2024). A defendant can rebut this presumption only "by

showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.* (internal quotation marks omitted).

Our review of the record confirms the procedural reasonableness of Breeden's sentence. The district court adopted the uncontested Guidelines calculations set forth in the presentence report, which the court then downwardly adjusted considering Breeden's undischarged state sentence, *see* U.S. Sentencing Guidelines Manual § 5G1.3(b) (2023), and we discern no error in the calculation of Breeden's advisory Guidelines range. The district court afforded the parties an opportunity to argue for an appropriate sentence, and Breeden declined to allocute. The district court considered the § 3553(a) factors and Breeden's arguments and provided a reasoned explanation for the sentence. Finally, because nothing in the record undermines the presumption of substantive reasonableness afforded the selected sentence, Breeden's sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Breeden, in writing, of the right to petition the Supreme Court of the United States for further review. If Breeden requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Breeden. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*